UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAMON L. BAILEY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00017-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Damon L. Bailey petitions for a writ of habeas corpus challenging a

prison disciplinary sanction imposed in disciplinary case number ISF 19-07-0245. For the reasons

explained in this Order, Mr. Bailey's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

### B.      The Disciplinary Proceeding

On July 16, 2019, Indiana Department of Correction (IDOC) Correctional Investigator Jeff

Hendershot wrote a Report of Conduct charging Mr. Bailey with harassment, a violation of the

IDOC's Adult Disciplinary Code offense B-312. The Report of Conduct states:

> On 12-5-2017, I received a phone call from Cassie Hellmich. Ms. Hellmich said that she did not want to receive any contact from Offender Damon Bailey 891920, in the form of letters, phone calls, or by any other means. Offender Bailey was sent a letter by myself, explaining Ms. Hellmich stance concerning him contacting her.
>
> On 6-24-2019, I received a second phone call from Ms. Hellmich. Ms. Hellmich stated she has received several letters from Damon Bailey. Ms. Hellmich asked why he was sending her letters when she asked for them to stop. Ms. Hellmich sent I&I the letters.
>
> On 7-11-2019, I received another call from Ms. Hellmich. Ms. Hellmich said that she had received another letter since we talked on 6-24-19. Ms. Hellmich sent the letter to me. This letter is postmarked 29 JUN 19.
>
> Note: During Offender Bailey's phone interview 7-11-2019, he acknowledged getting the letter I had sent him.

Dkt. 7-1.

Mr. Bailey was notified of the charge on July 22, 2019, when he received the Screening

Report. Dkt. 7-5. He pled not guilty to the charge, did not request any witnesses, and asked for the

letters as physical evidence. *Id.*

The disciplinary hearing was held on July 24, 2019. Dkt. 7-8. Mr. Bailey made the

following statement to the hearing officer:

> My intention was not to upset anyone. I did not send them in anger, nor [to] harass anyone. I only wrote her due to the letter from D.C.S. I only wanted to let my children's mothers to let them know I was doing good while incarcerated. The letters were all very sincere.

Dkt. 7-8.

The hearing officer considered Mr. Bailey's statement, the conduct report, the Investigations and Intelligence investigations report, dkt. 7-2, one of Mr. Bailey's letters, dkt. 7-3, a report of the interview between Investigator Hendershot and Mr. Bailey, dkt. 7-4, and found Mr. Bailey guilty of harassment, dkt. 7-8. The sanctions imposed included a thirty-day loss of earned credit time and a suspended demotion in credit earning class. *Id.*

Mr. Bailey appealed his conviction to the Facility Head (Warden) and the IDOC Final Reviewing Authority. Dkts. 9 & 10. Both appeals were denied. *Id.* He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. The Warden has filed a return to the Court's show cause order that answers Mr. Bailey's petition. Dkt. 7. Mr. Bailey did not file a reply.

### C.    Analysis

In his petition, Mr. Bailey presents two grounds for habeas corpus relief. First, he argues that he was denied a fair and impartial hearing because Investigator Hendershot had a bias against him, and the hearing officer's decision was based solely on Mr. Hendershot's conduct report. Dkt. 2 at 2-3. Second, Mr. Bailey argues that he was denied due process of law when the letter he was sent from DCS, indicating his daughter was in serious distress, to which he responded as his parental right, was not considered by the hearing officer. *Id.*

The Warden argues that both grounds for relief are barred by the doctrine of procedural default because neither was presented to the Warden and the IDOC Final Reviewing Authority during Mr. Bailey's administrative appeals. Dkt. 7-2. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v.*

*Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Therefore, the Warden's defense requires an examination of Mr. Bailey's appeal to the Facility Head (Warden).

> In his administrative appeal, Mr. Bailey argued to the Warden:

> The evidence (letters) shown in my case showed no evidence of harassment, just a caring father asking about his daughter well being. Their's no other proof other then Invest & Intelligence (Jeff Hendershot I&I) saying he sent me a letter stating not to contact Cassie Hellmich, nothing more. That letter was never shown or did they have as evidence. I never harassed anyone, my conduct as been good until now. I believe the right punishment if any should have been A 361-C / unauthorized use or abuse of mail. I contacted her because CPS contacted me about her using drugs and my daughter was taking by her mother. No harassment at all.

Dkt. 7-9 (spelling and grammar errors in original; capitalization corrected).

Mr. Bailey's first ground for relief in this habeas corpus action asserts that Investigator Hendershot was biased against him. The Court agrees with the Warden that Mr. Bailey did not present his claim of Investigator Hendershot's bias to the Warden in his administrative appeals. Indeed, in the Facility Head appeal there is no assertion of any type of bias against any official.

Because Mr. Bailey did not raise his first ground for relief during his administrative appeals, the ground is procedurally defaulted and cannot be the basis for habeas corpus relief.

The second ground for relief concerns the hearing officer's refusal or failure to consider the DCS letter to support Mr. Bailey's defense. In his administrative appeals, Mr. Bailey argued that he contacted Ms. Hellmich because he had been contacted by DCS about his daughter. Without deciding whether Mr. Bailey's Facility Level appeal sufficiently exhausted his second ground for habeas relief, the Court will bypass the procedural default question and address the ground for relief on its merits. *See Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (holding that addressing the merits of a claim before resolving procedural exhaustion is permissible in some circumstances).

In a prison disciplinary action, the hearing officials should "consider[] all of the evidence relevant to guilt or innocence . . . to enable the prisoner to present his or her best defense." The letter Mr. Bailey received from DCS is actually an "assessment of alleged child abuse or neglect." Dkt. 2-1 at 5-7. There is no question that such an assessment would concern the parent of the involved child. However, the reasons or justifications for violating a prison disciplinary violation are not relevant to the question of whether the offense was in fact committed. *See, e.g., Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) ("inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings"; *see also Scruggs v. Jordan,* 485 F.3d 934, 938–40 (7th Cir. 2007); *Rowe v. DeBruyn,* 17 F.3d 1047, 1050–53 (7th Cir. 1994). Because the DCS report could not provide a defense to whether Mr. Bailey had mailed letters to Ms. Hellmich against her wishes, it was not material or exculpatory, and the hearing officer did not violate Mr. Bailey's due process rights when the report was not considered in the disciplinary hearing. Mr. Bailey's second ground for relief is without merit.

Because Mr. Bailey is not entitled to habeas corpus relief on either of his two grounds, his petition for a writ of habeas corpus is **denied**.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bailey to the relief he seeks. Accordingly, Mr. Bailey's petition for a writ of habeas corpus challenging prison disciplinary case number ISF 19-07-0245 is **denied** and this action **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**


Date: _____10/20/2020_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Damon L. Bailey, Sr.
891920
Putnamville Correctional Facility
Electronic Service Participant – Court Only

David Corey
Indiana Attorney General
david.corey@atg.in.gov

6